# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 1:10-cv-01630 LJO GSA |
| Plaintiff, | |
| v. | **ORDER REGARDING MOTION FOR DISCOVERY AND INSPECTION OF EVIDENCE FILED JANUARY 4, 2011** |
| APPROXIMATELY $256,533.57 IN U.S. CURRENCY, | (Document 21) |
| Defendant. | |

On January 4, 2011, Alex John Pontillo II filed a Motion for Discovery and Inspection of Evidence in this matter. (Doc. 21.) For the reasons that follow, the motion is DENIED.

**RELEVANT BACKGROUND**

In its Order dated December 2, 2010, this Court explained that Mr. Pontillo's pleading entitled "Defendants' [*sic*] Opposition to Forfeiture" would not be construed to be a verified claim. Mr. Pontillo was also advised that his request for discovery was premature and that he was to follow the applicable federal and local rules. (*See* Doc. 10 at 2:6-12.) He was provided with an extension of time within which to file a claim and an answer. (Doc. 10, ¶¶ 2-3.)

1

As of today's date, Mr. Pontillo has failed to file a proper verified claim to the Defendant currency, nor has he filed any other responsive pleading to the forfeiture complaint.

**DISCUSSION**

A civil forfeiture proceeding is an action *in rem*. *See Republic Nat'l Bank of Miami v. United States*, 506 U.S. 80, 84, 113 S.Ct. 554, 121 L.Ed.2d 474 (1992); *United States v. Approximately $1.67 Million*, 513 F.3d 991, 996 (9th Cir. 2008). *In rem* jurisdiction is obtained "'by arrest under process of the court.'" *United States v. 2,164 Watches, More or Less, Bearing a Registered Trademark of Guess?, Inc.*, 366 F.3d 767, 771 (9th Cir. 2004) (quoting *Alyeska Pipeline Serv. Co. v. The Vessel Bay Ridge*, 703 F.2d 381, 384 (9th Cir. 1983)).

*Verified Claim & Answer*

Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions provides as follows, in pertinent part:

> (a) **Filing a Claim**.
> (i) A person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending. The claim must:
> (A) identify the specific property claimed;
> (B) identify the claimant and state the claimant's interest in the property;
> (C) be signed by the claimant under penalty of perjury; and
> (D) be served on the government attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D).

Mr. Pontillo was previously advised that he must file a proper verified claim. *See* Doc. 15 & Doc. 18. He has failed to do so as of this date. Because Mr. Pontillo is attempting to appear in these proceedings pro se, he will be provided with *another* opportunity to file a proper verified claim to the Defendant currency.

Rule G(5)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions also provides that a "claimant must serve and file an answer to the complaint or a motion under Rule 12 within 21 days after filing the claim. A claimant waives any objection to in rem jurisdiction or to venue if the objection is not made by motion or stated in the answer."

1     Mr. Pontillo is advised that if he fails to file a proper verified claim or an answer, he may
2 waive or lose any right he may have to assert ownership of the Defendant currency.  *See* Supp.
3 Rule G5(a)(ii) & (b) .  Mr. Pontillo had already disregarded this Court's previous Order wherein
4 he was provided an extension of thirty-five days, through January 6, 2011, within which to file
5 the verified claim. (Doc. 18 at 2-3, ¶¶ 2-3.)

6     Failure to follow a court order is sanctionable conduct.  Local Rule 110 provides that
7 "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may
8 be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of
9 the Court."  District courts have the inherent power to control their dockets and "in the exercise
10 of that power, they may impose sanctions . . .."  *Thompson v. Housing Auth.*, 782 F.2d 829, 831
11 (9th Cir. 1986).

12    ***Discovery Request***

13    Despite being advised that discovery was premature in this Court's December 2, 2010,
14 Order, Mr. Pontillo now asks this Court to "order the United States Attorney to produce and
15 permit the inspection of and the copying and/or photographing of, by or on behalf of the
16 Defendant," of eleven files identified by name and case number.  (Doc. 21 at 1-2.)

17    As indicated in this Court's Order Setting Mandatory Scheduling Conference dated
18 September 10, 2010, and served upon Mr. Pontillo on or about November 9, 2010 (Doc. 12) by
19 the Government as required, a discovery plan will be prepared once all parties have appeared in
20 the action. (Doc. 2, ¶ 7.)  Because Mr. Pontillo has failed to file a proper verified claim and
21 answer, discovery and a discovery plan are premature.

22    Mr. Pontillo's motion fails to comply with either the applicable Federal Rules of Civil
23 Procedure or this Court's Local Rules.  Moreover, his references to the Texas state constitution
24 and the Texas Criminal Code are not binding on this Court.  Lastly, his reference to the
25 Fourteenth Amendment to the United States Constitution is simply confusing.   As previously
26 noted, and for the reasons stated, the motion is **DENIED.**  Mr. Pontillo is advised that given the

27
28

complexity of these proceedings, this Court strongly recommends he obtain the services of an attorney.

### ORDER

Mr. Pontillo will be given this ***final opportunity*** within which to file a verified claim pursuant to this Order.  Accordingly, Mr. Pontillo shall file and serve a verified claim no later than thirty (30) days from the date of this Order, or no later than **February 9, 2011**.  Failure to do so may result in the waiver of any right to claim ownership to the Defendant Currency.

IT IS SO ORDERED.

Dated:   **January 10, 2011**          /s/ **Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE