BENJAMIN B. WAGNER
United States Attorney
DAVID T. SHELLEDY
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 1:10-CV-01630-LJO-GSA |
| Plaintiff, | |
| v. | **COMPROMISE SETTLEMENT AGREEMENT, WITH STIPULATION TO DISMISS, PROPOSED ORDER AND CERTIFICATE OF REASONABLE CAUSE** |
| APPROXIMATELY $256,533.57 IN U.S. CURRENCY, | |
| Defendant. | |

It is hereby stipulated and agreed by and between plaintiff United States of America, claimant Accredited Surety and Casualty Company ("Accredited"), and Aleo John Pontillo, pro se ("Pontillo") (collectively, "the parties"), as follows:

**BACKGROUND**

1. This civil forfeiture action was initiated by a complaint for forfeiture in rem filed on September 9, 2010.

2. Accredited filed a verified claim of ownership and contest of forfeiture on November 16, 2010, and filed a motion to dismiss the complaint on January 6, 2011.  The motion to dismiss is still pending.

3. Pontillo filed a document on November 17, 2010, giving notice that he wishes to contest forfeiture, and filed a request for discovery on December 2, 2010.  Pontillo has not filed a verified claim or other responsive pleading.

4. No other claims have been filed in this action, and no other parties have appeared.

5. This Stipulation and Agreement is a compromise settlement, entered into by all the parties for the purpose of compromising disputed claims and avoiding the expenses and risks of further litigation.

**AGREEMENT**

6. The United States agrees to return the defendant funds ($256,533.57) to the account from which they were seized (account # 72-108419-2 at Summit State Bank, Santa Rosa, California).

7. Accredited and Pontillo and their principals, agents, officers, directors, parents, subsidiaries, shareholders, assignees and attorneys agree to accept return of the defendant funds as provided in paragraph 5 in full settlement and satisfaction of any claim against the United States or its officers, agents, attorneys, and employees arising from the arrest and seizure of such funds, and further agree to hold harmless the United States and its officers, agents, attorneys, and employees from all such claims.

8. Each party represents, and the parties agree, that no party substantially prevailed in this action within the meaning of 28 U.S.C. § 2465.

9. Each party represents, and the parties agree, that there was probable cause for arrest and seizure of the defendant funds, and for the commencement and prosecution of this forfeiture action, and that the Court should enter a certificate of reasonable cause pursuant to 28 U.S.C. § 2465, as set forth below.

10. Nothing in this Agreement shall be construed as an admission of liability, fault, or wrongdoing by any party.

11. Each party shall bear his or its own costs and attorneys fees.

12. The parties and their undersigned attorneys agree to execute and deliver such other and further documents as may be required to carry out the terms of this Stipulation.

13. Each person signing this Agreement warrants and represents that he possesses full authority to bind the party on whose behalf he is signing to the terms of the Agreement.

14. Each party warrants and represents that no promises, inducements, or other

1  agreements not expressly contained herein have been made; that this Agreement contains the
2  entire agreement between the parties; and that the terms of this Agreement are contractual and
3  not mere recitals.  All prior oral understandings, agreements, and writings are superseded by this
4  Agreement and are of no force or effect.

5      15. This Agreement may not be altered, amended, modified, or otherwise changed in any
6  respect, except by a writing duly executed by the party to be charged.

7      16. Each party represents that he or it understands the content of this Agreement and
8  enters it voluntarily, and has not been influenced by any person acting on behalf of any other
9  party.

10     17. Upon approval by the Court as provided below, this action is dismissed with
11 prejudice in its entirety.

12     18. Notwithstanding the entry of a dismissal herein, the parties hereby stipulate that the
13 U.S. District Court for the Eastern District of California, Hon. Lawrence J. O'Neill, District
14 Judge, shall retain jurisdiction to enforce the terms of this compromise settlement.

Dated:  February 7, 2011      BENJAMIN B. WAGNER
    United States Attorney

By:  /s/ David T. Shelledy
    DAVID T. SHELLEDY
    Assistant U.S. Attorney
    Attorneys for the United States

Dated:  February 7, 2011      /s/ David A. Fike
    DAVID A. FIKE
    Attorney for Claimant
    Accredited Surety and Casualty Company
    (Original signature retained by attorney)

Dated:  February 2, 2011      /s/ Aleo John Pontillo
    ALEO JOHN PONTILLO, pro per
    (as authorized on February 2, 2011
    original signature retained by attorney)

**ORDER**

**IT IS SO ORDERED.**

Dated:  February 7, 2011                                /s/ Lawrence J. O'Neill
                                                        LAWRENCE J. O'NEILL
                                                        United States District Judge

**CERTIFICATE OF REASONABLE CAUSE**

Based upon the verified forfeiture complaint filed September 9, 2010, and the stipulation of the parties set forth above, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, and finds that there was reasonable cause for arrest and seizure of the defendant funds, and for the commencement and prosecution of this action.

Dated: February 7, 2011                                 /s/ Lawrence J. O'Neill
                                                        LAWRENCE J. O'NEILL
                                                        United States District Judge